Belknap,
June 23, 1932.

GEORGE E. ABBOTT *v.* JOSEPH W. LADD.

RICHARD W. COLBY *v.* SAME.

EVA S. COLBY *v.* SAME.

CHARLES W. COLBY *v.* SAME.

*Dennis E. Sullivan* and *Robert W. Upton,* for the plaintiff Abbott:

*Stanton Owen* and *Thomas P. Cheney* (*Mr. Cheney* orally), for the other plaintiffs.

*Murchie, Murchie & Blandin* and *Jewett & Jewett* (*Mr. Alexander Murchie* orally), for the defendant.

ALLEN, J. Technically no exception was taken. The objection to the argument was sustained, and there was no ruling or order by the court with which the defendant finds fault. It is true that the record appears to show an exception to the court's statement that the

wealth or poverty of a party is immaterial, but the exception is construed to relate back to the argument and not to question the correctness of the ruling implied in the statement.

If the defendant thought the harm of the argument was incurable, it would seem that he should have moved for a mistrial and taken exception if the motion were denied. Not then urging the impossibility of a fair trial, he may be found by the procedure to have waived the issue. What he apparently sought to do was to maintain a double advantage of possible verdicts in his favor and of no valid verdicts against him. Not objecting to the continuance of the trial, he might not fairly say that he had the chance of a favorable outcome with no risk of loss. Verdicts in his favor would show the harm of the argument to be ineffective, and to admit the possibility of such verdicts is to concede that the harm was curable.

But if it be assumed that the exception amounted to a claim that the error could not be corrected and it was the court's duty to order a mistrial upon the commission of the error, the defendant is no better off. The holding, for which citations are unnecessary, has been repeatedly made that improper argument may be corrected if counsel withdraw it and the court instructs the jury to disregard it.

If the impropriety of argument may be too flagrant to permit of correction, it is not the situation here. If it is too much to expect that a jury will be as resentful as the court to arguments and considerations of a party's wealth or poverty, the general presumption that the jury obeys instructions may at least be invoked to support a finding that such considerations were laid aside. It is not suggested that the plaintiffs were not entitled to verdicts on the merits of their causes. The finding that the trial was fair is not open to attack unless it is to be said that no men serving as jurors could probably be unaffected by the argument in spite of the order to disregard it. Socialism of the jury's mind to such an extreme is not recognized.

*Judgments on the verdicts.*

All concurred.